Mikey Dale FORREST *v.* STATE of Arkansas

737 S.W.2d 653

Supreme Court of Arkansas
Opinion delivered October 19, 1987

*Appellant*, pro se.

No objection.

PER CURIAM. On October 9, 1984, the appellant Mikey Dale Forrest was found guilty by a jury of two counts of burglary and two counts of theft of property. He was sentenced to two concurrent terms of twenty years for the burglary convictions and two concurrent terms for the theft convictions. The prison terms for burglary were ordered served consecutively to the terms for theft. His trial attorney John Frank Gibson filed a notice of appeal but did not lodge the record with this court within the time allowed for filing a record on appeal. He filed a motion for rule on the clerk in which he contended that the court reporter was at fault for miscalculating the time for filing the record. We denied the motion, noting that it is the attorney's responsibility to file the record. We said that if Gibson would admit that the error was his fault, the record would be filed.

Gibson filed a second motion for rule on the clerk but again insisted it was the court reporter's responsibility to prepare the record and notify counsel if an extension of time to lodge the record was needed. We denied that motion also. We said at that time that we put "the responsibility where it belongs, on the shoulders of a lawyer who is at fault." Gibson apparently abandoned the appeal since he did not file another motion for rule on the clerk admitting fault. Mikey Dale Forrest has now filed a *pro se* motion for rule on clerk in which he asks that the record be lodged.

The motion for rule on clerk is granted. Appellant is correct that it was his attorney's responsibility to lodge the record and that it was through no fault of his that counsel failed to meet his responsibility. If John Frank Gibson were not now a prosecuting attorney, we would require him to continue to represent the appellant in this matter since he was clearly at fault and was

remiss in abandoning the appeal. Because he is no longer in a position to represent the appellant, we will appoint Robert L. Baker as counsel.

A copy of this opinion will be provided to the Committee on Professional Conduct.

Motion granted.